HENRY TAYLOR vs. BOSTON WATER POWER COMPANY.

Evidence that a way was built and kept in repair by a private corporation for more than twenty years before the St. of 1846, c. 203, took effect, open to the public and frequently travelled, is sufficient to prove that it was a public highway.

A private corporation is liable to an action for an injury to a traveller from an obstruction placed by it in a way built and kept in repair by it, and used by the public so as to have become a public way, although the corporation was not authorized by its charter to build it.

The St. of 1846, c. 203, did not affect the liability of private corporations or individuals for obstructions placed by them in travelled ways.

ACTION OF TORT for injuries occasioned by the upsetting of the plaintiff's wagon from driving at night against a pile of mud and seaweed placed and left by the defendants in a public road or highway in Boston. The defendants denied that this was a public road or highway, or that there was any negligence on their part.

At the trial in the superior court of Suffolk at September term 1857, before *Abbott*, J., it appeared that the accident occurred upon the branch road built upon the cross dam leading from Gravelly Point in Roxbury to the milldam road from Boston to Brookline, and near the intersection of the two roads; and that the plaintiff had driven from Roxbury over this branch with the intention of going to Brookline by the milldam road without passing the toll-house thereon.

Samuel Nicholson, who had been superintendent of the Boston and Roxbury Mill Corporation and of the defendant cor-

---

* See *Barnard* v. *Vermont & Massachusetts Railroad*, 7 Allen, 512.

poration for twenty seven years, testified that the Roxbury branch of the milldam belonged to the Boston and Roxbury Mill Corporation; that it was built more than thirty years ago, and was kept in repair by that corporation for the purpose of bringing travel to their toll-house; that until within twenty three or twenty five years there was a toll-house at the westerly corner of the two roads, which had been given up on account of the inconvenience and expense of collecting toll in two places; that persons might drive over any part of the roads of that corporation without paying toll, unless they passed the toll-house; and that the seaweed had, since the construction of the road and mills, been taken up from time to time at this place to prevent the obstruction of the flow of water to the defendants' mill.

Another witness, whose place of business was near the spot, testified that he had known the road called the Milldam Branch more than twenty years; that it had been a travelled road, open to the public, as far as he knew, during that time; that it was frequently travelled, and sometimes by persons passing from Roxbury to Brookline; and that the road was kept in repair by the agents of the Boston and Roxbury Mill Corporation.

The defendants requested the court to give to the jury the following instructions: "1st. There was not sufficient evidence for the jury to find that there was a public road or highway over the land on which the seaweed was alleged to have been placed. 2d. If the jury believe that the way called the Roxbury Branch Milldam was constructed by the Boston and Roxbury Mill Corporation, for the purpose of bringing travel to their toll-house, and that it had been kept in repair by said corporation for that purpose, then the use of the way by the public for the purpose of passing from Roxbury to Brookline without passing the toll-house was merely by virtue of a license, and the public acquired no right by such use, and must use the way at their own risk."

The judge declined so to instruct the jury; and instructed them as follows: "1st. If the road on which the alleged accident happened was built by the Boston and Roxbury Mill Corporation, under and by virtue of their charter, to be used as a

dam, and also as a road opening on their main milldam road, and had been finished by that corporation and kept in repair by them since for those purposes; and if it had been thrown open by them to the public, to be used by any one as a road, who might desire to make such use of it, and had been so used since its creation; then if the defendant corporation placed an obstruction in this road, and the plaintiff, while driving over the same with due care, was injured in his person or property by the obstruction, without any default on his part, the defendants would be liable for such injury. 2d. In order to make the obstruction such an one as the defendants would be liable for, the jury must be satisfied that the spot where it was placed was within the limits of the road which had been built by the Boston and Roxbury Mill Corporation as a road, and thrown open to the public and appropriated by them to the uses of a road, and also within the part of such road appropriated to travel; but the defendants would be equally liable for such obstruction, whether it was so placed as to interfere with those passing from the road in question towards Boston and the toll-house, or only so as to obstruct the passage of those passing towards Brookline." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*P. W. Chandler & G. O. Shattuck,* for the defendants, cited *Smith* v. *Wendell,* 7 Cush. 498; *Kilburn* v. *Adams,* 7 Met. 38; *Bowen* v. *Suffolk Manuf. Co.* 4 Cush. 332; *Sts.* 1846, *c.* 203; 1814, *c.* 39, §§ 2, 3; *Boston Water Power Co.* v. *Boston & Worcester Railroad,* 16 Pick. 512; *Southcote* v. *Stanley,* 1 H. & N. 247; *Philadelphia & Reading Railroad* v. *Derby,* 14 How. 468.

*J. L. English,* for the plaintiff.

METCALF, J. As the plaintiff has alleged in his declaration that he was injured when he was passing over " a public road or highway," it is necessary to the maintenance of his action that he should prove that allegation; and the main question in the case is, whether the evidence at the trial was sufficient to warrant the jury in finding that it was such a road or highway.

It is not denied by the defendants that the place where the plaintiff was injured was an open passage way for travellers,

And there was testimony that the Boston and Roxbury Mill Corporation built this passage way, more than thirty years before the time of the trial, and ever afterwards kept it in repair; that it had been a road open to the public, and frequently travelled; and that it was sometimes travelled by persons passing, as the plaintiff was, from Roxbury to Brookline. This testimony was sufficient, if believed by the jury, to prove that the passage way was a public road or highway; inasmuch as it showed that there had been an actual public use of it, general, uninterrupted and continued for twenty years and more, and that it had been so accepted, adopted and confirmed, by general use by all travellers, as to make it a public way by prescription, according to the laws that were in force before the *St.* of 1846, *c.* 203, went into operation. *Jennings* v. *Tisbury*, 5 Gray, 74. We infer from the testimony that the passage way had been in general public use by travellers for twenty years before that statute took effect; that is, before June 1846. This is not shown explicitly by the testimony, as reported in the exceptions; but the defendants have not denied it, although, if such was not the fact, the passage way was not a public way within the meaning of that statute. 5 Gray, *sup.*

The first instruction to the jury must be understood to apply to the evidence which had been presented to them, and to mean that if the road had been built, thrown open to the public and used as a road by any one who desired to make such use of it, for the length of time which the testimony showed, then the defendants were answerable in this action. The second instruction was right, and the defendants have not questioned its correctness.

It is objected by the defendants, that the judge left to the jury the construction of the charter of the Boston and Roxbury Mill Corporation, by stating to them that if the road was built by that corporation, " under and by virtue of their charter," &c., then the defendants were liable for the injury to the plaintiff. But it is wholly immaterial whether their charter gave them authority to build the road, or whether they built it in the belief that their charter gave them such authority. If the

jury found their verdict on the ground that the corporation built the road under and by virtue of their charter, and mistook the law in this particular, yet their verdict must stand, because the defendants are liable, though the corporation did not build the road under and by virtue of their charter. That part of the instructions, if wrong, was so because it might have led the jury to return a verdict for the defendants on a ground which would not have entitled them to a verdict. They, therefore, have no legal reason for excepting to that part of the instruction.

The *St.* of 1846, *c.* 203, altered the law only as to the liability of towns and cities to keep in repair and to be answerable for the defects in ways not laid out and established in the manner prescribed by other statutes. It did not affect the liability of other corporations or of individuals, for obstructions by them placed in travelled ways. We therefore need not express an opinion whether the passage way in question might be deemed "a public road or highway," as against these defendants, even if it had not become a public way within the meaning of that statute.

The law is clear, as stated by Vaughan, C. J. in *Thomas* v. *Sorrell,* Vaugh. 341, that "if by any public nuisance a man have a particular damage, he may have his action on the case against the nuisance-maker." See also Angell on Highways, § 285. These defendants were the makers of the nuisance by which the plaintiff had a particular damage.

*Exceptions overruled.*